# EXHIBIT 3

DGCI-00000091

# Sklute & Associates

Suite 600
12505 Park Potomac Avenue
Potomac, Maryland 20854

_____

Telephone
(202) 637-1223
(301) 838-0009

Fax
(202) 637-0598

E-Mail
Sklute@FEDGOVcontractslaw.com

Lawrence J. Sklute, Esq.
Admitted in D.C., not Maryland

Major General Nolan Sklute
USAF Retired  [of counsel]
Admitted in N.Y., not Maryland

Practice   Limited   to
Federal    Government
Contracts

TRANSMITTAL COVERSHEET

To:                                       **Mr. Augustus Patterson, Contracting Officer**

Company/Agency:                **DLA-Energy**

E-mail Address / Fax Number:   **VIA Email**

From:                                    **Larry Sklute**

Date:                                    **25 February 2025**

Total of **3** page(s) plus coversheet.

Comments:

n/a

Confidentiality Notice:

The information contained in this communication is information protected by attorney-client and/or attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail or facsimile. If the person actually receiving this communication or any other reader of this communication is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete the e-mail and destroy the facsimile.

* IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (202) 637-1223

DGCI-00000092

# Sklute & Associates

Suite 600
12505 Park Potomac Avenue
Potomac, Maryland 20854

---

Telephone
(202) 637-1223
(301) 838-0009

Fax
(202) 637-0598

E-Mail
Sklute@FEDGOVcontractslaw.com

Lawrence J. Sklute, Esq.
Admitted in D.C., not Maryland

Major General Nolan Sklute
USAF Retired  [of counsel]
Admitted in N.Y., not Maryland

Practice   Limited   to
Federal   Government
Contracts

February 25, 2025

**Via E-mail: Augustus.patterson@dla.mil**

Defense Logistics Agency — Energy ("DLA-E")
8725 John J. Kingman Road
Fort Belvoir, VA 22060-6222

Attn:       Mr. Augustus Patterson
             Contracting Officer
             Tel. (571) 585-1435

Subject:     DGCI Corporation's Claim for Economic Price Adjustment under Contract No.
             SPE605-20-D-9518 (hereinafter after "Contract")

            REF:   DLA-Energy's Decision of December 19, 2024 (hereinafter "Decision")

Dear Mr. Patterson:

DLA-E issued the Decision denying DGCI's Request for Economic Price Adjustment ("REPA").
DGCI converts its REPA of May 22, 2023, as supplemented on April 1, 2024, with a sum certain
amount of $7,331,663.71 into a certified claim under the Contract Disputes Act of 1978 ("CDA"),
41 U.S.C. § 7101 et seq. and the implementing provision of the Contract, FAR Clause 52.233-1,

DGCI-00000093

**Mr. Augustus Patterson**
**February 25, 2025**
**Page 2 of 2**

Disputes.[1]  The claim certification is attached hereto.  Please issue a Final Decision for appeal within sixty (60) days from the contracting officer's receipt of the instant submission as required by 41 U.S.C § 7103(e) and its implementing provision, FAR Clause 52.233-1(e).

DLA's Decision purports to be a "Final Decision."  See REF at 1.  It is not, given that DGCI did not submit a claim under the CDA, until now.  The Decision mis-states that the REPA is a "claim."  The submission clearly states it is a "Request for Economic Price Adjustment."  It also states: "The instant submission is not a claim under the Contract Disputes Act."  See REPA of May 22, 2023 at 1.[2]  Along this line, it did not request a final decision as required by the CDA.  See Hoffman Construction Co. v. United States, 7 Cl. Ct. 518, 525 (1985) (Court held contractor's submission did not constitute CDA claim as it did not request a final decision as required by  the CDA, 41 U.S.C. § 605(a)).  See also, 41 U.S.C. § 7103(a)(1) (". . . claim by a contractor . . . shall be submitted to the contracting officer *for a decision."*)  Where, as here, DGCI has not submitted a CDA claim, no final decision is possible.  See Parsons Global Services, Inc. ex rel. Odell Intern., Inc. v. McHugh, 677 F.3d 1166, 1170 (Fed. Cir. 2012) *citing* 41 U.S.C. § 7103 ("As a prerequisite for the Board's jurisdiction, the CDA requires a contractor to present a valid claim over which the contracting officer has rendered a final decision.")  In other words, a contracting officer's self-designation of a decision as "final" does not itself render the decision final absent a CDA claim.  See, Arctic Slope Native Association, Ltd., CBCA 190-ISDA, et. seq., 08-2 BCA ¶ 33923 at 167,871 ("If a contractor has not submitted a proper claim, the contracting officer does not have the authority to issue a decision.")

Sincerely,

Lawrence J. Sklute

---

[1] See Contract at 3 and 8 (para. (d) of FAR Clause 52.212-4, "Contract Terms and Conditions—Commercial Items (Oct 2018)" incorporating by reference FAR Clause 52.233-1.

[2] The REPA Supplement of April 1, 2024 had no effect, increasing the quantum amount, only.

DGCI-00000094

## Certification

I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the Contractor, DGCI Corporation, believes the Government is liable; and that I am authorized to certify the claim on behalf of DGCI Corporation.

_____  
Ian Galloway, Principal

February 8, 2025  
Date

DGCI-00000095