IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DGCI CORP., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-2103C |
| v. | ) | (Judge Schwartz) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO COMPLAINT**

For its answer to the complaint, defendant, the United States, admits, denies and alleges
as follows:

1.      The allegations contained in the first sentence in the unnumbered paragraph
preceding paragraph 1 of the complaint constitute plaintiff's characterization of its case, to which
no response is required; to the extent that they may be deemed allegations of fact, they are
denied.  Admits the allegations contained in the second and third sentences in the unnumbered
paragraph preceding paragraph 1 of the complaint, that Contract No. SPE605-20-D-9518 is for
supply and delivery of various fuel products to the U.S. military in Iraq, and that CLIN 0006 of
the Contract is for supply and delivery of JP8, an Aviation Turbine Fuel to Al Asad Air Base, to
the extent supported by the referenced contract, which is the best evidence of its contents;
otherwise denies those allegations.  Admits the allegation contained in the third sentence of the
unnumbered paragraph preceding paragraph 1 of the complaint, that the claim pertains to CLIN
0006 of the contract to the extent supported by the referenced claim, which is the best evidence
of its contents; otherwise denies that allegation.  The last sentence in the unnumbered paragraph
preceding paragraph 1 of the complaint constitutes plaintiff's characterization of its case to

which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

2.     The allegations contained in the first sentence of paragraph 1 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.  The allegation contained in the second sentence of paragraph 1 constitutes a conclusion of law to which no response is required, to the extent that it may be deemed and allegation of fact, it is denied. Admits the allegation contained in the third sentence of paragraph 1 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegation contained in the third sentence of paragraph 1.  The remaining allegations contained in paragraph 1 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3.     The allegations contained in footnote 1, which precedes paragraph 2, constitute plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.  The allegations contained in paragraph 2 of the complaint constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4.     The allegations contained in paragraph 3 of the complaint constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5.     The allegations contained in paragraph 4 of the complaint constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6.     The allegation contained in the first sentence of paragraph 5 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied. The allegation contained in the first phrase of the second sentence of paragraph 5, that the COFD indicates that DLA-E considers the difference between the monthly PLATTS prices to be substantially less than the OPDC prices during the claim period constitutes a conclusion of law and plaintiff's characterization of its case to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.  Admits the remainder of the allegations contained in the second sentence of paragraph 5 to the extent supported by the referenced contracting officer's final decision (COFD), which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 5.  The allegations contained in the third sentence of paragraph 5 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.  Admits the allegation contained in the fourth sentence of paragraph 5 to the extent supported by the referenced COFD, which is the best evidence of its contents; otherwise denies the allegation contained in the fourth sentence of paragraph 5.  The allegations contained in the remaining sentences of paragraph 5 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7.     The allegation contained in paragraph 6 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

8.     Denies the allegation contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to its truth.

9.     The allegation contained in the first sentence of paragraph 8 constitutes a

conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegations contained in the second sentence of paragraph 8.

10.    The allegations contained in paragraph 9 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11.    The allegations contained in the first sentence of paragraph 10 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.  Admits the allegation contained in the second sentence of paragraph 10.

12.    The allegations contained in paragraph 11 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

13.    The allegation contained in paragraph 12 constitutes plaintiff's characterization of its case to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

14.    Admits the allegations contained in paragraph 13 to the extent supported by the referenced solicitation, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

15.    Admits the allegations contained in the first sentence of paragraph 14, that CLIN 0007 of the solicitation was awarded as CLIN 0006 under the contract and required 53,460,000 US Gallons of jet fuel (JP8) for delivery to Al Asad Air Base, Iraq, to the extent supported by the referenced solicitation and contract, which are the best evidence of their contents; otherwise denies those allegations.  The allegation contained in the first sentence of paragraph 14, that

CLIN 0007 of the solicitation and CLIN 0006 of the contract are of relevance to the instant action constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.  Admits the allegation contained in the second sentence of paragraph 14 to the extent supported by the referenced contract modification P00014, which is the best evidence of its contents; otherwise denies the allegation contained in the second sentence of paragraph 14.

16.     Admits the allegations contained in paragraph 15 and footnote 2 to the extent supported by the referenced solicitation, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15 and footnote 2.

17.     Admits the allegations contained in paragraph 16 to the extent supported by the referenced solicitation amendment and impliedly referenced solicitation, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 16.

18.     Admits the allegation contained in paragraph 17,

19.     Admits the allegation contained in paragraph 18 to the extent supported by the referenced solicitation amendment, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 18.

20.     Admits the allegation contained in paragraph 19 that the solicitation included an economic price adjustment clause to the extent supported by the referenced solicitation, which is the best evidence of its contents; otherwise denies that allegation. Denies the remainder of the allegations contained in paragraph 19.

21.      Denies the allegations contained in paragraph 20.

22.     The allegations contained in paragraph 21 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are

denied.

23.     The allegation contained in paragraph 22 constitutes plaintiff's characterization of its claim to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

24.     The allegations contained in paragraph 23 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

25.     Admits the allegation contained in paragraph 24 to the extent supported by the referenced solicitation and contract, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 24.

26.     Admits the allegation contained in paragraph 25 to the extent supported by the referenced solicitation and contract, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 25.

27.     Admits the allegation contained in paragraph 26 to the extent supported by the referenced solicitation and contract, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 26.

28.     Admits the allegation contained in paragraph 27 to the extent supported by the referenced solicitation and contract, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 27.

29.     Admits the allegation contained in paragraph 28 that Solicitation Amendment 0012 included the quoted text, to the extent supported by the referenced solicitation amendment, which is the best evidence of its contents; otherwise denies that allegation.  Denies the implied allegation in paragraph 28 that the solicitation did not include the word "calculation" at the end

6

to the last sentence of the quoted text.

30.     The allegations contained in paragraph 29 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

31.     Admits the allegation contained in paragraph 30 to the extent supported by the referenced solicitation and contract, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 30.

32.     The allegations contained in paragraph 31 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

33.     The allegation contained in paragraph 32(a) constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.  Admits the allegation contained in paragraph 32(b) to the extent supported by the referenced comment, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 32(b).  Admits the allegation contained in paragraph 32(c), to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 32(c).  Admits the allegation contained in paragraph 32(d), which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 32(d).  Admits the allegation contained in paragraph 32(e), to the extent supported by the referenced comment and response, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 32(e).  Admits the allegation contained in footnote 3 to the extent supported by the referenced memorandum, which is the best evidence of its contents; otherwise denies the allegation contained in footnote 3.

34.     The allegations contained in paragraph 33 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

35.     The allegations contained in paragraph 34 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

36.     The allegations contained in paragraph 35 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

37.     The allegation contained in paragraph 36 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed allegations of fact, it is denied.

38.     The allegations contained in paragraph 37 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

39.     The allegation contained in paragraph 38 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed allegations of fact, it is denied.

40.     Admits the allegation contained in paragraph 39.

41.     Admits the allegations contained in paragraph 40 to the extent supported by the referenced contracts, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 40.

42.     Admits the allegation contained in paragraph 41 to the extent supported by the referenced inquiry, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 41.

43.    Admits the allegations contained in paragraph 42.

44.    Admits the allegations contained in paragraph 43 to the extent supported by the referenced contracts, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 43.

45.    Admits the allegation contained in paragraph 44 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 44.

46.    Admits the allegation contained in paragraph 45 to the extent supported by the impliedly referenced contract, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 45.

47.    Admits the allegation contained in paragraph 46 to the extent supported by the referenced contract modification, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 46.

48.    Admits the allegation contained in paragraph 47 to the extent supported by the referenced contract modifications, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 47.

49.    The allegation contained in paragraph 48 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

50.    The allegation contained in paragraph 49 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

51.    Admits the allegation contained in paragraph 50 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 50.

9

52.     Admits the allegation contained in paragraph 51 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 51.

53.     The allegation contained in paragraph 52 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

54.     Admits the allegation contained in paragraph 53 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 53.

55.     Admits the allegation contained in paragraph 54 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 54.

56.     Admits the allegation contained in paragraph 55 to the extent supported by DGCI's "Request for Economic Price Adjustment", which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 55.

57.     Admits the allegation contained in paragraph 56 that on April 1, 2024, DGCI requested $7,331,663.71, to the extent supported by DGCI's "Supplement to Request for Economic Price Adjustment", which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 56.

58.     Admits the allegations contained in paragraph 57 that on July 31, 2024, DGCI provided documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 57.

59.     Admits the allegation contained in paragraph 58, that on December 19, 2024, DLA-E responded to DGCI's "Request for Economic Price Adjustment" and designated its

10

response to be a "final decision," to the extent supported by the referenced response, which is the best evidence of its contents; otherwise denies that allegation. The allegation contained in paragraph 58, that DLA-E improperly designated its response to be a "final decision," constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

60.     Admits the allegation contained in paragraph 59 to the extent supported by the letter designated by plaintiff as Exhibit 3 to the complaint, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 59.

61.     The allegations contained in paragraph 60(a) constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegation contained in paragraph 60(b), that DGCI requested a final decision, to the extent supported by the referenced Exhibit 3 to the complaint, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 60(b). The remaining allegations contained in paragraph 60(b) constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

62.     Admits the allegations contained in paragraph 61.

63.     Admits the allegation contained in paragraph 62 to the extent supported by the text of the referenced FAR provision, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 62.

64.     The allegations contained in paragraph 63 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

65.     The allegations contained in paragraph 64 constitute conclusions of law to which

11

no response is required; to the extent that they may be deemed allegations of fact, they are denied.

66.     The allegations contained in paragraph 65 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

67.     The allegations contained in the first sentence of paragraph 66 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.  Admits the allegation contained in the second sentence of paragraph 66 that DGCI requested the contracting officer to substitute PLATTS with OPDC and to compensate DGCI the alleged OPDC/PLATTS price difference effective November 2021 through October 2023 to the extent supported by the referenced claim letter, which is the best evidence of its contents; otherwise denies that allegation.  The remainder of the allegations contained in the second sentence of paragraph 66, that November 2021 through October 2023 is the "claim period," and that DGCI's request was issued in "accord[ance]" with the purported legal requirements in the first sentence of paragraph 66, constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

68.     Admits the allegation contained in paragraph 67 that DGCI stated in its claim letter and has alleged in its complaint that "[t]he market conditions under the Contract's EPA clause is that of Iraq's OPDC" to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies that allegation.  However, the allegation that the market conditions under the Contract's EPA clause is that of Iraq's OPDC itself constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an

allegation of fact, it is denied.

69.     The allegations contained in paragraph 68 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

70.     Admits the allegation contained in paragraph 69(a), that DGCI presents what it alleges to be the OPDC/PLATTS monthly price differences beginning May 2020 in the table appearing in paragraph 83 of the complaint to the extent supported by the referenced table, which is the best evidence of its contents; otherwise denies that allegation, and further denies the implied allegation that DGCI's table accurately reflects the OPDC/PLATTS monthly price differences beginning in May 2020.  Denies the allegation contained in paragraph 69(a) that DCCI purchased its first batch of jet fuel in May 2020 for lack of knowledge or information sufficient to form a belief as to its truth.  The allegation contained in paragraph 69(a) that May 2020 was immediately after award constitutes plaintiff's characterization of its case to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.  The allegations contained in paragraphs 69(b) and 69(c) constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

71.     The allegations contained in paragraph 70 constitute conclusion of law and plaintiff's characterization of the contracting officer's final decision to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

72.     The allegations contained in paragraph 70.1(a) constitute conclusions of law and plaintiff's characterization of the contracting officer's final decision to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

73.     The allegation contained in the first sentence of paragraph 71 constitutes a

conclusion of law to which no response is required; to the extent that it is deemed an allegation of fact, it is denied.  Admits the allegations contained in the second and third sentence of paragraph 71, footnote 4, and the first sentence of footnote 5 to the extent supported by the referenced COFD, which is the best evidence of its contents; otherwise denies those allegations. Admits the allegation contained in the last sentence of paragraph 71.  Admits the allegation contained in the second sentence of footnote 5, that $0.625804 plus $0.548901 divided by 2 is $0.5872525.  The allegation contained in the second sentence of footnote 5, that $0.5872525 is the total historical price constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

74.    The allegations contained in paragraph 72 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

75.    The allegations contained in paragraph 73 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

76.    The allegation contained in paragraph 74 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

77.    The allegation contained in paragraph 75 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

78.    Admits the allegation contained in paragraph 76 that DGCI stated in its claim letter and has alleged in its complaint that "OPDC prices [are] an appropriate and comparable market indicator" to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies that allegation.  The allegation that OPDC prices are

an appropriate and comparable market indicator constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

79.    Admits the allegation contained in paragraph 77(a). The allegations contained in the second sentence of paragraph 77(b) constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

80.    The allegation contained in the first sentence of paragraph 77.1 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied. The allegations contained in paragraph 77.1(a) constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits that the referenced documents contained the text quoted in paragraph 77.1(b), to the extent supported by thos referenced documents, which are the best evidence of their contents; otherwise denies those allegations. The remainder of the allegations contained in paragraph 77.1(b) constitute plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegation contained in paragraph 77.1(c) that "[l]ater on, DLA began using OPDC" as a reference price for certain line items of Solicitations SPE605-23-R-0210 and SPE607-24-R-0202 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies that allegation. Denies the allegation contained in paragraph 77.1(c) that SPE607-23-R-0201 used OPDC as a reference price.

81.    Denies the allegation contained in paragraph 78, that DGCI purchased CLIN 0006's jet fuel requirement exclusively from the Iraqi Government's OPDC, for lack of knowledge or information sufficient to form a belief as to its truth. The remaining allegation

15

contained in paragraph 78, that the alleged purchase was in compliance with the mandate of Iraqi law, constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

82. Admits the allegation contained in paragraph 79 to the extent supported by the referenced claim letter and supplement, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 79.

83. The allegations contained in paragraph 80 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

84. Denies the allegation contained in paragraph 81(a) for lack of knowledge or information sufficient to form a belief as to its truth. Denies the allegations contained in paragraph 81(b), that DGCI purchased from OPDC 22,919,772 US Gallons of jet fuel during the period of November 2021 to October 2023 and delivered the fuel to Al Assad for lack of knowledge or information sufficient to form a belief as to their truth. The allegation contained in paragraph 81(b), that the fuel was in satisfaction of CLIN 0006's requirement for jet fuel, constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied. The allegation contained in paragraph 81(c) constitutes a conclusion of law and plaintiff's characterization of its case to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

85. Denies the allegation contained in paragraph 82 for lack of knowledge or information sufficient to form a belief as to its truth.

86. Denies the allegation contained in paragraph 83 for lack of knowledge or information sufficient to form a belief as to its truth.

16

87.    Denies the allegations contained in paragraph 84 and footnote 6 for lack of knowledge or information sufficient to form a belief as to their truth.

88.    The allegation contained in the first sentence of paragraph 85, that DGCI was a responsible government contractor, constitutes plaintiff's characterization of its case to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied. Admits the remaining allegations contained in the first sentence of paragraph 85 as to the contents of DGCI's "Request for Economic Price Adjustment" to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies those allegations.  The allegation contained in the second sentence of paragraph 85, that DGCI took certain actions pursuant to FAR 16.203-2(a), constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied. Admits the remaining allegations contained in the second sentence of paragraph 85 as to the contents of DGCI's "Request for Economic Price Adjustment" to the extent supported by the document referenced in the first sentence of paragraph 85, which is the best evidence of its contents; otherwise denies those allegations.

89.    Admits the allegation contained in paragraph 86 to the extent supported by the referenced text of FAR 16.203-2, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 86.

90.    Admits the allegation contained in paragraph 87 to the extent supported by the referenced supplement to DGCI's "Request for Economic Price Adjustment", which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 87.  Denies that DGCI is entitled to the damages alleged in paragraph 87 of the complaint, or to any relief whatsoever.

91.     Denies that DGCI is entitled to the damages alleged in paragraph 88 of the complaint, or to any relief whatsoever.

92.     Denies that DGCI is entitled to the damages alleged in paragraph 89 of the complaint, or to any relief whatsoever. Admits the allegation in footnote 7, that DGCI is making certain claims in paragraph 69(c) of the complaint to the extent supported by that paragraph of the complaint, which is the best evidence of its contents; otherwise denies the allegation in footnote 7.

93.     Denies the allegations contained in paragraph 89.1(a), that DGCI purchased from OPDC 20,811,740 gallons of jet fuel during the period of January 2022 to October 2023 and delivered the fuel to Al Asad Air Base for lack of knowledge or information sufficient to form a belief as to their truth.  The allegation that the fuel was delivered in satisfaction of CLIN 0006's requirement for jet fuel constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.  The allegations contained in paragraph 89.1(b) constitute a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

94.     The allegation contained in paragraph 90 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

95.     The allegation contained in paragraph 90.1, that the grounds upon which the COFD denied DGCI's claim are inconsistent with and violate the terms of the solicitation and/or Contract constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.  The remaining allegation in paragraph 90.1 constitutes plaintiff's characterization of its case to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

96.    Admits the allegations contained in paragraph 91 to the extent supported by the referenced COFD, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 91.

97.    Denies the allegation contained in paragraph 92.

98.    The allegations contained in paragraph 92.1 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

99.    The allegations contained in paragraph 93 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

100.    The allegation contained in paragraph 94, that the ground of the COFD's denial violates FAR 16.203-1(a) constitutes a conclusion of law to which no response is required; to the extent that it may be deemed allegations of fact, it is denied.  Admits the allegation contained in paragraph 94, that FAR 16.203-1(a) states that "[a] fixed price contract with economic price adjustment provides for upward and downward revision of the stated contract price upon the occurrence of specified contingencies[]" to the extent supported by the text of FAR 16.203-1(a), which is the best evidence of its contents; otherwise denies that allegation.

101.    The allegations contained in paragraph 95 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

102.    Admits the allegation contained in paragraph 96 that the referenced COFD contained the text quoted in paragraph 96 to the extent supported by the referenced COFD, which is the best evidence of its contents; otherwise denies the allegations contained in

paragraph 96.

103.    Denies the allegation contained in paragraph 97.

104.    The allegations contained in paragraphs 97.1(a) and 97.1(b) constitute

conclusions of law to which no response is required; to the extent that they may be deemed

allegations of fact, they are denied.  Admits the allegation contained in paragraph 97.1(b) to the

extent supported by the text of the referenced *Craft Machine Works* decision, which is the best

evidence of its contents; otherwise denies the allegation contained in paragraph 97.1(b).  Admits

the allegation contained in footnote 8.

105.    The allegations contained in paragraph 98, and all of its subparagraphs, constitute

conclusions of law to which no response is required; to the extent that they may be deemed

allegations of fact, they are denied.

106.    The allegations contained in paragraph 99 constitute conclusions of law to which

no response is required; to the extent that they may be deemed allegations of fact, they are

denied.  Admits the allegation contained in footnote 9.

107.    The allegations contained in paragraph 100 constitute conclusions of law to which

no response is required; to the extent that they may be deemed allegations of fact, they are

denied.

108.    The allegations contained in paragraphs 101(a) and 101(b) constitute conclusions

of law to which no response is required; to the extent that they may be deemed allegations of

fact, they are denied.  Admits the allegation contained in paragraph 101(c) to the extent

supported by the text of FAR 16-203-2, which is the best evidence of its contents; otherwise

denies the allegation contained in paragraph 101(c).  Admits the allegations contained in

paragraphs 101(d) and 101(e) to the extent supported by the cited cases, which are the best

evidence of their contents; otherwise denies the allegations contained in paragraphs 101(d) and 101(e).

109.    The allegations contained in paragraph 102, footnote 10, and footnote 11, constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

110.    The allegations contained in paragraph 103 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

111.    The allegations contained in the first two sentences of paragraph 104(a) constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.  Admits the allegation contained in the third sentence of paragraph 104(a) to the extent supported by the text of FAR 16.302-2(i), which is the best evidence of its contents; otherwise denies the allegation contained in the third sentence of paragraph 104(a).  Denies the allegations contained in paragraphs 104(b) and 104(c).

112.    Admits the allegations contained in paragraph 105 to the extent supported by the referenced COFD, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 105.

113.    The allegations contained in paragraph 106 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

114.    Admits the allegations contained in paragraph 107 that the referenced COFD contained the text quoted in paragraph 107, to the extent supported by the referenced COFD, which is the best evidence of its contents; otherwise denies the allegations contained in

paragraph 107.  The remainder of the allegations contained in paragraph 107 constitute plaintiff's characterization of its case to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.  The allegation contained in the first sentence of footnote 12 constitutes a conclusion of law and plaintiff's characterization of its case to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.  Denies the remainder of the allegations contained in footnote 12 for lack of knowledge or information sufficient to form a belief as to their truth.

115.    Denies the allegation contained in paragraph 108.

116.    The allegations contained in paragraph 108.1 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.  Admits the allegation contained in footnote 13 that DGCI informed DLA-E that it would not revise its original prices and that DLA-E could accept them without any changes, but denies the implied allegation that both communications occurred on March 24, 2020.

117.    The allegations contained in paragraph 109 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

118.    The allegations contained in paragraph 110 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

119.    The allegations contained in paragraph 111 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

120.    Admits the allegations contained in paragraph 112 that page 8 of the COFD

contained portions of the text quoted to the extent supported by the referenced COFD, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 112.

121.   Denies the allegation contained in paragraph 113.

122.   The allegations contained in paragraph 113.1 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

123.   The allegations contained in paragraph 114 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

124.   The allegations contained in paragraph 115 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

125.   The allegations contained in paragraph 115.1 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

126.   Admits the allegations in paragraph 116 to the extent supported by the referenced COFD, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 116.

127.   Denies the allegations contained in paragraph 117.

128.   The allegations contained in paragraph 117.1 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

129.   The allegations contained in paragraph 118, with all of its subparts, constitute

conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

130. Denies the allegations contained in paragraph 119 as to offerors' understandings in preparing price proposals for lack of knowledge or information sufficient to form a belief as to their truth. The remaining allegations contained in paragraph 119 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

131. The allegations contained in paragraph 119.1 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

132. The allegations contained in paragraph 120 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

133. Admits the allegation contained in paragraph 121 that the referenced COFD contained the text quoted in paragraph 121 to the extent supported by the referenced COFD, which is the best evidence of its contents; otherwise denies that allegation. The remainder of the allegations contained in paragraph 121 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

134. Denies the allegation contained in paragraph 122.

135. The allegations contained in paragraph 122.1 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

136. The allegation contained in paragraph 123(a) constitutes a conclusion of law to

which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.  Admits the allegation in the first sentence of the first paragraph 123(b) that DGCI presents a review of what it alleges to be the OPDC/PLATTS monthly price differences beginning May 2020 in the table appearing in paragraph 83 of the complaint to the extent supported by the referenced table, which is the best evidence of its contents; otherwise denies that allegation, and further denies the implied allegation that any of the price differences in DGCI's table accurately reflects the OPDC/PLATTS monthly price differences.  Denies the allegation contained in the first sentence of the first paragraph 123(b) that DCCI purchased its first batch of jet fuel in May 2020 for lack of knowledge or information sufficient to form a belief as to its truth.  The allegations contained in the second sentence of the first paragraph 123(b) constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.  The allegation contained in the second paragraph 123(b) constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.  Admits the allegation contained in paragraph 123(c) that $0.1982085 and $0.076422 is less than $0.444999 or $0.420020.  The remaining allegation in paragraph 123(c), that DLA considers the magnitude of the difference between $0.1982085 and $0.076422 to be substantial constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

137.    The allegations contained in paragraph 124 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

138.    The allegations contained in paragraph 125 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are

25

denied.

139.    Admits the allegation contained in paragraph 126 that the referenced COFD contained the text quoted without brackets in paragraph 126, to the extent supported by the referenced COFD, which is the best evidence of its contents; otherwise denies that allegation. The remainder of the allegations contained in paragraph 126 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

140.    Denies the allegation contained in paragraph 127.

141.    The allegations contained in paragraph 127.1 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

142.    The allegations contained in paragraph 128 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

143.    The allegations contained in paragraph 129 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

144.    Admits the allegation contained in paragraph 130 that the referenced COFD contained the text quoted without brackets in paragraph 130, to the extent supported by the referenced COFD, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 130.  The allegation contained in footnote 14, as to the relevance of the allegedly quoted portion of EPA Clause ¶ (c)(3) constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

26

Admits the allegation contained in footnote 14 that the Solicitation's Clause B19.02(c)(3) stated: "For price adjustments utilizing commercial publications such as Platts Oilgram, etc., the reference price in effect on the date of delivery shall be that item's reference price that is in effect for the dates in the Table below" to the extent supported by the relevant clause, which is the best evidence of its contents; otherwise denies that allegation. Admits the allegation contained in footnote 14 that the Solicitation's Clause B19.02(c)(4) stated: "For price adjustments utilizing a reference price indicator other than commercial publications such as Platts Oilgram, the Contractor shall notify the Contracting Officer of any changes in the reference price in writing within 15 calendar days from the date thereof" to the extent supported by the referenced clause, which is the best evidence of its conents; otherwise denies that allegation. The remaining allegation contained in footnote 14, as to the "relevant part[s]" of particular clauses, constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

145. The allegations contained in paragraph 131 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

146. The allegations contained in paragraph 132 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

147. The allegations contained in paragraph 133(a) and (b) constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

148. Admits the allegations contained in paragraph 134 to the extent supported by the

referenced COFD, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 134.

149. Denies the allegation contained in paragraph 135.

150. The allegations contained in paragraph 135.1 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

151. The allegations contained in paragraph 136 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

152. Admits the allegation contained in paragraph 137 to the extent supported by the referenced COFD, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 137.

153. Admits the allegations contained in paragraph 138 to the extent supported by the COFD referenced in paragraph 137, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 138.

154. The allegation contained in paragraph 139 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

155. Denies the allegation contained in paragraph 140(a). The remainder of the allegations contained in paragraph 140 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

156. The allegations contained in paragraph 141(a) and 141(b) constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of

fact, they are denied.  Denies the allegations contained in paragraph 141(c) for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in paragraph 141(d) constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

157.    Admits the allegation contained in paragraph 142 to the extent supported by the referenced COFD, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 142.

158.    Denies the allegation contained in paragraph 143.

159.    The allegations contained in paragraph 143.1 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

160.    The allegations contained in paragraph 144 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

161.    Admits the allegation contained in paragraph 145 to the extent supported by the referenced COFD, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 145.

162.    Denies the allegation contained in paragraph 146.

163.    The allegations contained in paragraph 146.1 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

164.    The allegations contained in paragraph 147(a) and paragraph 147(b) constitute conclusions of law to which no response is required; to the extent that they may be deemed

allegations of fact, they are denied. Denies the allegations contained in paragraph 147(c) for lack of knowledge or information sufficient to form a belief as to their truth. The allegation contained in paragraph 147(d) constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

165.    The allegations contained in paragraph 148(a) and paragraph 148(b) constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

166.    Defendant's responses to paragraphs 1-90 of the complaint are incorporated by reference.

167.    Admits the allegation contained in the first sentence of paragraph 150 to the extent supported by the text of FAR 16.203-1(a), which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 166. The remainder of the allegations contained in paragraph 150 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

168.    The allegations contained in paragraph 151 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the damages alleged in paragraph 151, or to any relief whatsoever.

169.    The allegations contained in paragraph 151.1 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the damages alleged in paragraph 151.1, or to any relief whatsoever.

170.    The allegations contained in paragraph 152 constitute conclusions of law to which

no response is required; to the extent that they may be deemed allegations of fact, they are denied.

171.    The allegation contained in paragraph 153 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

172.    Defendant's responses to paragraphs 1-90, 91-129, 134-136, 142-144, 146, and 148 of the complaint are incorporated by reference.

173.    The allegation contained in paragraph 155 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

174.    The allegation contained in paragraph 156 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

175.    The allegations contained in paragraph 157 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

176.    The allegations contained in paragraph 158 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

177.    The allegation contained in paragraph 159 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

178.    Defendant's responses to paragraphs 1-90, 130-133, 137-141, 145, and 147 of the

complaint are incorporated by reference.

179. The allegation contained in paragraph 161 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

180. The allegation contained in paragraph 162 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

181. The allegations contained in paragraph 163 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

182. The allegations contained in paragraph 164 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

183. The allegation contained in paragraph 165 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

184. Defendant's responses to paragraphs 1-90, 91-95, 96, 97, 101, 102, 104, 126-129, 130, and 132 are incorporated by reference.

185. The allegations contained in paragraph 167 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

186. The allegations contained in paragraph 168 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are

denied.

187.    The allegations contained in paragraph 169 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

188.    There is no substantive allegation in paragraph 170; accordingly, defendant neither admits nor denies that allegation.

189.    The allegation contained in paragraph 171 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

190.    Defendant's responses to paragraphs 1-90, 91-97, 101, 104, 116, 118-120, and 134-136 are incorporated by reference.

191.    The allegation contained in paragraph 173 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

192.    The allegation contained in paragraph 174 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

193.    The allegation contained in paragraph 175 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

194.    The allegation contained in paragraph 176 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

195. Defendant's responses to paragraphs 1-90, 96, 98, 99, 100, 103, 107-115.1, 119.1, 126, 127, 142, 143, 145, 146, and 148 are incorporated by reference.

196. The allegation contained in paragraph 178 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

197. The allegation contained in paragraph 179 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

198. The allegations contained in paragraph 180 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

199. The allegation contained in paragraph 181 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

200. The allegation contained in paragraph 182 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

201. The allegation contained in paragraph 183 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

202. Defendant's responses to paragraphs 1-90, 96, 104-106, and 116-119 are incorporated by reference.

203. The allegation contained in paragraph 185 constitutes a conclusion of law to

which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

204.    The allegations contained in paragraph 186 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

205.    The allegations contained in paragraph 187 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

206.    The allegation contained in paragraph 188 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

207.    The allegations contained in paragraph 189 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

208.    The allegation contained in paragraph 190 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

209.    The allegation contained in paragraph 191 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

210.    Defendant's responses to paragraphs 1-148 are incorporated by reference.

211.    The allegations contained in paragraph 193 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are

denied.

212.     The allegations contained in paragraph 194 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

213.     The allegation contained in paragraph 195 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

214.     The allegation contained in paragraph 196 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

215.     The allegation contained in paragraph 197 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

216.     The allegation contained in paragraph 198 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

217.     The allegations contained in paragraph 199 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

218.     The allegation contained in paragraph 200 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

219.     The allegation contained in paragraph 201 constitutes a conclusion of law to

36

which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

220.    Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 201, or to any relief whatsoever.

221.    Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Waiver

This Court should deny each count of DGCI's complaint under the doctrine of waiver because DGCI had knowledge prior to contract formation of the fuel market conditions in Iraq, including OPDC's pricing and its alleged failure to be reflected by the Solicitation's Platts price index. As referenced in the Contracting Officer Final Decision (COFD), in its proposal, "DGCI noted its familiarity and experience with purchasing fuel from the Government of Iraq (GoI) and delivering under DLA contracts." Compl. Ex. 4 at 2. Similarly, its proposal acknowledged its familiarity with purchasing fuel from the Iraqi Ministry of Oil and "acknowledged that it sometimes had higher prices than its competitors because it understood 'the actual costs of delivering specification product on-time in Iraq.'" *Id.* DGCI was so familiar with the price differences between Platts and OPDC pricing that it admittedly included an allowance in its offer price for the difference between the two, without disclosing it to DLA. Compl. ¶¶ 84-85. OPDC's pricing is not publicly posted and therefore DGCI held knowledge superior to that of DLA Energy about OPDC's current and historical pricing.

The Federal Circuit has recognized that claims can be precluded under the doctrine of waiver. "The doctrine of waiver precludes a contractor from challenging the validity of a contract…or on any other basis, where it fails to raise the problem prior to execution, or even

37

prior to litigation, on which it later bases its challenge." *Am. Telephone & Telegraph Co. v. United States (AT&T II)*, 307 F.3d 1374 (Fed. Cir. 2002). (quoting *Whittaker Elec. Sys. v. Dalton,* 124 F.3d 1443, 1446 (Fed. Cir. 1997).  The Federal Circuit has applied similar logic in the context of claims involving the price index utilized in contracts with an economic price adjustment.  *See ConocoPhillips v. United States*, 501 F.3d 1374, 1380 (Fed. Cir. 2007). ("To the extent the plaintiffs thought that the PMM tracked other market publications more closely than it did, or that the PMM was not subject to the 'index number problem,' which is a necessary result of the articulated method of calculating market prices, it was incumbent upon the plaintiffs to investigate those issues before entering into the contract.").

To the extent that DGCI alleges that OPDC had a monopoly over jet fuel in in Iraq, such conditions existed before the solicitation was issued in 2019, and DGCI knew this at the time of the solicitation.  DLA Energy clearly notified DGCI in the Solicitation that the resulting contract would use Platts price indices, which was facially inconsistent with DGCI's alleged understanding of the applicable price indices.  Rather than request that the solicitation be awarded on OPDC supplier notice, decline to submit a proposal in response to the solicitation, or protest the solicitation's price index, DGCI waived any claim associated with the selection of Platts indices and it should be precluded from now seeking relief under the argument that the Platts indices did not reflect market conditions.

DGCI has argued that, for the first time in November 2021, the Platts index in the contract consistently and substantially failed to reflect market conditions, which it has argued entitles it to relief under paragraph (g)(4) of the Economic Price Adjustment clause.  *See generally* Compl. ¶ 123.  To the extent that DGCI might argue that it did not waive its ability to seek substitution of the Platts index because market conditions changed after proposing, its

argument would be undercut by the documents it provided to DLA.  DGCI has argued that

alleged price differences between OPDC and Platts of "$0.444999 or $0.420020" demonstrate

that Platts consistently and substantially failed to reflect market conditions.  *Id.*  However, as

DLA addressed in the COFD, based on DGCI's own documents it provided, the average price

difference between OPDC and Platts in the 12 months prior to the issuance of the solicitation

was $0.625804.  Compl. Ex. 4 at 6.  This average is based on prices DGCI allegedly paid to

OPDC in the 12 months prior to the issuance of the solicitation, which means that DGCI was

aware of this price difference at the time of its proposal submission.  Accordingly, DGCI waived

its ability to claim that a "$0.444999 or $0.420020" price difference demonstrates a substantial

failure to reflect market conditions because it did not object to the use of Platts in the solicitation

despite its knowledge that the price difference was greater in the 12 months preceding the

issuance of the solicitation.  Therefore, each of DGCI's counts should be precluded and denied

by this Court.

### Second Affirmative Defense: Prior Material Breach

This Court should deny each count of DGCI's complaint based on DGCI's prior material

breach.  DGCI's claim is premised on the argument that paragraph (g)(4) of B19.02

ECONOMIC PRICE ADJUSTMENT (OVERSEAS) (DLA ENERGY JAN 2012) entitles it to

relief based upon the occurrence of a contingency covered by the provision, specifically its

allegation that the Platts pricing was substantially less than OPDC pricing. *See, e.g.*, Compl. ¶

92.1("Pursuant to EPA Clause, ¶ (g)(4), because the specified contingency occurred, *i.e.,*

PLATTS is consistently and substantially less than OPDC, DLA-E is liable to DGCI for the

claim amount.").  However, DGCI breached paragraph (a) of the same provision when it

warranted its offer price did not include any contingencies covered by the provision despite the

fact that it admittedly included $0.389588 per US gallon in its offer price to cover the same alleged contingency, e.g., a difference between Platts and OPDC pricing at the time of proposal submission. *See generally* Compl. ¶¶ 84-85 (admitting DGCI included $0.389588 per US gallon in its offer price for line item 0007 to account for the alleged price difference between Platts and OPDC pricing in March 2019 and explaining that it removed $8,929,244.76 from its claim amount in accordance with FAR 16.203-2(a), which requires contracting officers to "ensure that contingency allowances are not duplicated" in adjustments).

Pursuant to FAR 15.402(c), Contracting Officers shall not include in a contract price any amount for a specified contingency to the extent that the contract provides for a price adjustment based upon the occurrence of that contingency. DLA implemented this policy through paragraph (a) of B19.02 ECONOMIC PRICE ADJUSTMENT (OVERSEAS) (DLA ENERGY JAN 2012), which required offerors to warrant that "[t]he unit prices set forth in the Schedule do not include allowances for any portion of the contingency covered by this contract provision." By submission of its offer without taking exception to the terms, DGCI warranted that its offer price did not include allowances for any portion of a contingency covered by the provision. Yet, by its own admission, it included $0.389588 per US gallon in its offer price for line item 0007 to account for the alleged price difference between Platts and OPDC pricing, the same alleged contingency under which it now seeks relief. However, it did not disclose the inclusion of this allowance to DLA until it submitted its claim to DLA, approximately four years later. Accordingly, DGCI breached paragraph (a) of B19.02 when it misrepresented that its offer price did not include allowances for any portion of a contingency covered by the provision and this Court should deny it relief under paragraph (g)(4) of the same provision for the alleged occurrence of the same contingency.

**Third Affirmative Defense: Failure to Mitigate Damages**

DGCI failed to mitigate its alleged damages.

To the extent that DGCI alleges that the price differences between OPDC and Platts began in November of 2021 to "consistently and substantially fail" sufficient to invoke clause B19.02(g)(4), DGCI did not notify the contracting officer of this until it requested a change in reference price index on May 22, 2023, thereby staying silent while allegedly accruing some 18 months of alleged damages. DGCI's delay in notifying the contracting officer for that amount of time, until just three months before the end of performance, increased the amount of alleged damages and constitutes a failure to mitigate alleged damages.

Accordingly, DGCI has failed to mitigate its alleged damages, and thus its requested relief should be denied.


WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

GEOFFREY M. LONG
Assistant Director

s/ A. Bondurant Eley
A. BONDURANT ELEY
Senior Litigation Counsel
Commercial Litigation Branch
Civil Division

41

Department of Justice
PO Box 480
Ben Franklin Station
Washington, D.C.  20044
Tele: (202) 616-8254

Attorneys for Defendant