**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| DGCI CORP., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-2103C |
| v. | ) | (Judge Schwartz) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER AND CLAWBACK ORDER**

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims (RCFC), the parties, DGCI Corp. (DGCI) and the United States, hereby respectfully request that the Court enter the attached proposed protective order (Exhibit A) and clawback order (Exhibit B).

Good cause supports entry of the attached proposed protective order in this case for two reasons. DGCI intends to seek discovery into the Defense Logistic Agency's (DLA) implementation of the Economic Price Adjustment Clause B19.01 of DGCI's contract in contracts awarded to other contractors with the goal of establishing how DLA previously interpreted the clause. This may require the Government to produce CLIN pricing which is protected under the Trade Secrets Act which the United States cannot produce in the absence of consent or a Court Order. *See* 18 U.S.C. § 1905. Also, DGCI seeks contact information for individuals that appears to be covered by the Privacy Act, which also requires, in relevant part, consent or a court order to disclose. 5 U.S.C. § 552a. Next, in support of its affirmative defense (which DGCI opposes) the United States seeks to explore DGCI's bid practices and experience on the predecessor contract for evidence of DGCI's bid practices and prior knowledge that the price index used for the contract at issue in this litigation -- PLATTS Arab Gulf -- did not adequately reflect the jet fuel prices that were charged by the Government of Iraq. The parties

note that in DGCI's Motion to Strike, DGCI explains that, as argued in its Complaint, neither (i) historical prices nor the (ii) average historical prices (both of which are shown on pp. 4-5 of the COFD) is relevant under the terms of ¶ (g)(4).   Although the United States is already statutorily bound by the Trade Secrets Act from disclosing DGCI's bid information outside the Government, the parties' proposed protective order contemplates that Government personnel who did not already have access to protected information would be prohibited from using information learned for the first time in this lawsuit in contexts of other than this litigation.

The proposed protective order fully addresses these concerns in that it expressly grants the United States authorization to release the requested information, while limiting the dissemination of protected information to individuals with a need to know it, and insures that neither party use information that it learns for the first time in this litigation for purposes other than this litigation.   As such, entry of the proposed protective order is warranted.

Good cause also supports entry of the attached proposed Rule 502(d) clawback order. The parties anticipate exchanging large volumes of electronically stored information using search terms.   Although both parties will take steps to avoid inadvertent disclosure of privileged or otherwise protected information, a clawback order will eliminate the vast majority of potential disputes involving inadvertent disclosure, conserving both their own and the Court's resources.

For the foregoing reasons, the parties respectfully request that this Court grant their motion to enter the attached proposed protective order and clawback order.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

2

GEOFFREY M. LONG
Assistant Director


s/Lawrence J. Sklute
LAWRENCE J. SKLUTE
Sklute & Associates
12505 Park Potomac Avenue, Suite 600
Potomac, Maryland 20854
Tel: (202) 637-1223
EMail: Sklute@FedGovContractsLaw.com

s/ A. Bondurant Eley
A. BONDURANT ELEY
Senior Litigation Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20530
Tel: (202) 598-3975
Email:  Bondurant.Eley@usdoj.gov

Attorneys for Defendant

July 16, 2026

# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DGCI CORP., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-2103C |
| v. | ) | (Judge Schwartz) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## PROTECTIVE ORDER

With the agreement of the parties, the Court having determined that there is good cause

for issuance of a protective order pursuant to Rule 26(c) of the Rules of the United States Court

of Federal Claims (RCFC) to govern the disclosure, use, and handling by the parties and their

respective agents, successors, personal representatives and assignees of certain information and

items produced and received in this action,

IT IS HEREBY ORDERED as follows:

**A. Definitions**

1. "Action" shall mean the case captioned *DGCI Corp. v. United States*, No. 24-2013L

   (Fed. Cl.).

2. "Challenging Party" shall mean any party who challenges the designation of

   information as Protected Material under this Protective Order.

3. "Confidential Information" shall mean information that, at the time of its production

   in the Action, or thereafter, is designated confidential by the Producing Party because

   of a good faith belief that the information: (a) is not in the public domain, or if in the

   public domain, is improperly in the public domain; and (b) is (i) non-public

   information that contains, references, or relates to technical, financial or other trade

   secrets, or proprietary and/or commercially sensitive information, (ii) personally

identifiable information ("PII"), or (iii) any other category of information hereinafter given confidential status by the Court.

4. "Designating Party" shall mean the party or other person producing in the Action any information that the Producing Party seeks to designate and to have treated as Protected Material pursuant to this Protective Order.

5. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

6. "Document" shall mean all items listed in RCFC 34(a)(1)(A) & (B).

7. "Producing Party" shall mean the person or party producing documents or information in the Action.

8. "Protected Material" means documents, electronically stored information, or other tangible things that contain "Confidential Information," as defined in Paragraph 3 above.

9. "Receiving Party" shall mean any party who receives information that has been designated as Protected Material.

## B. Purpose, Scope, and Limitations of Protective Order

1. This Protective Order applies to discovery, pre-trial, trial, and post-trial proceedings in this Action, whether the Documents are produced by a party or a person or entity who is not a party to this action (a "non-party"). This Order binds the parties and their respective agents, successors, personal representatives, and assignees.

2. The Government is expressly authorized to produce to the plaintiff any documents or information that are responsive to plaintiff's discovery requests and search terms in this Action, or that are contained in any affirmative disclosure under RCFC 26, that the Government would otherwise be prohibited from disclosing pursuant to the Trade Secrets Act and the Privacy Act.  The Government is further expressly authorized to produce to any retained outside expert or to any individuals employed by any retained outside expert any documents or information received directly or indirectly from the plaintiff or related to this Action that the Government would otherwise be prohibited from disclosing pursuant to the Trade Secrets Act and the Privacy Act.

3. Other than as set forth in paragraph B.2, nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a party.  Other than as set forth in paragraph B.2, this Protective Order also does not prohibit or absolve the parties from complying with such other obligations.  This Protective Order also authorizes disclosures of Protected Material necessary to comply with any existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a party.  A Federal agency to which Protected Material is disclosed pursuant to such an existing independent obligation shall keep the Protected Material confidential to the extent provided by law.

4. This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information that is not designated as Protected Material under this Protective Order in this Action. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

5. The protections conferred by this Protective Order do not cover any information that (i) is properly in the public domain; (ii) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including properly becoming part of the public record in this Action through trial or otherwise; or (iii) is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

6. This Protective Order governs the disclosure, use, and handling of all Protected Material, regardless of the format or medium in which such Protected Material is generated, stored, or maintained.

7. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Protected Material for any purpose whatsoever, but if any such use results in a disclosure that causes the Protected Material to lose its designation as Protected Material, then it shall no longer be subject to any protection under this Protective Order.

8. This Protective Order applies only to disclosures, uses, and handling of Protected Material occurring after the entry of this Protective Order.

9. Neither the termination of this Action nor the termination of employment of any person who has had access to any Protected Material shall relieve such person of his or her obligations under this Protective Order, which shall survive.

10. Any party, or the parties jointly, may at any time seek modification of this Order by motion to the Court.  No modification of this Order shall be effective until a revised Order reflecting the modification is entered by the Court.

**C. Method for Designating Protected Material**

1. The designation of Protected Material should be limited to only those Documents or portions of Documents that qualify under the definition of "Protected Material" in this Protective Order.

2. Documents produced in discovery in this Action shall be designated as containing "Protected Material." For Documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation of Proteted Material shall appear by the inclusion of the marking of PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER on each page of the document asserted to contain Confidential Information. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the media on which the Protected Material is provided (*e.g.*, CD, DVD, external hard drive) must be and remain plainly labeled with CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Protected Material must be done in a manner that maintains the protection for all copies.

3. For interrogatory answers and responses to requests for admissions, designation of Protected Material shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Protected Material the following: PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER.

4. For depositions, designation of Protected Material shall be made during the deposition on the record, or by letter from counsel within 30 days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and any exhibits that should be treated as Protected Material. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Protected Material under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the declaration attached as Exhibit A.

**D. Challenging Protected Material Designations**

1. A Challenging Party shall not be obliged to challenge the propriety of a Protected Material designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

2. The Challenging Party shall initiate a challenge to the designation of any Protected Material under this Protective Order by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

3. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith.  If the Challenging and Designating Parties cannot come to a resolution, either party may file a motion seeking a determination from the Court.

4. Any information designated as Protected Material pursuant to and after the entry by the Court of this Protective Order shall be treated as Protected Material until such time as (a) the Designating Party agrees that it shall no longer be treated as Protected Material or (b) the Court rules that such information should not be treated as Protected Material.

**E. Disclosure, Use, and Handling of Protected Material**

1. A Receiving Party may use Protected Material in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Protected Material only in accordance with the terms of this Protective Order.

2. Protected Material shall be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to only the following persons and only as reasonably necessary for this Action:

   a. Counsel (including outside counsel) for the parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

   b. Any person with prior authorized access to the Protected Material;

   c. Court reporters and other persons not employed by this Court, retained to record or to transcribe testimony or argument at interviews or depositions in connection with this Action;

   d. Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

   e. Retained expert witnesses and consultants;

      f.   Mediators or arbitrators; and

      g.   This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes) and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

3. Disclosure to the persons referenced in subparagraphs (E)(2)(a)-(f) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A," *except* that counsel of record and their support staff, other outside counsel for a party and their support staff, and attorneys for the United States need not sign a declaration.  Counsel of record shall ensure that their own support staff and other outside counsel and support staff have been informed of the obligations imposed by this Protective Order before being given access to Protected Materials.

4. Persons receiving Protected Material pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

5. Unless the Designating Party gives written permission, all Protected Material that is filed with the Court must be (1) filed under seal or *in camera* in accordance with the Court's rules and procedures and (2) redacted from any filing that is publicly available.

## F. Inadvertent Production of Protected Material

1. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The

parties agree to follow RCFC 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Protected Material.

**G. Disposition of Documents Containing Protected Material**

1. Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps to destroy or to delete all items designated as Protected Material.

   a. For material that contains or reflects Protected Material, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Protected Material subject to this Protective Order.

   b. Counsel of record for the parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Protected Material, so long as such material is and remains clearly marked to reflect that it contains Protected Material. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Protected Material unless and until its Designating Party agrees otherwise in writing or a court order directs.

c.  In particular, attorneys for the United States may maintain copies of any documents designated as Protected Material, as well as any documents referencing such Protected Material in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

IT IS SO ORDERED.

Dated:

_____

Schwartz, J.

**EXHIBIT A**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DGCI CORP.,                          )
                                     )
                                     )
          Plaintiff,                 )
                                     )          No. 25-2103C
     v.                              )          (Judge Schwartz)
                                     )
THE UNITED STATES,                   )
                                     )
          Defendant.                 )

I hereby declare that I have read and that I understand the Protective Order entered in the above-captioned case.   I further declare that I will comply with all of the terms and conditions of the Protective Order, and that I will not use or disclose any Protected Material, as that term is defined in the Protective Order, in a manner that is inconsistent with the Protective Order.  I will maintain any Protected Material in my possession – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it.

          Executed this _____ day of _____, _____ by


_____
(Print Name)


_____ Signed


16

# EXHIBIT B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DGCI CORP.,                          )
                                     )
                                     )
            Plaintiff,               )
                                     )        No. 25-2103C
      v.                             )        (Judge Schwartz)
                                     )
THE UNITED STATES,                   )
                                     )
            Defendant.               )

**STIPULATED CLAWBACK AGREEMENT**
**AND FEDERAL RULE OF EVIDENCE 502(d) ORDER**

The Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(c)(1) of the Rules of the United States Court of Federal Claims (RCFC), and the Court's inherent authority, that the production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding.  This Order applies to attorney-client privilege, work-product protection as defined by RCFC 26(c)(1), governmental privileges, or any other applicable privilege.  Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges.  Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure.  However, nothing in this Order shall limit a party's right to conduct a preproduction review of documents as it deems appropriate.

1

**I.    DEFINITIONS**

1.  "Document," as used herein, includes all items listed in RCFC 34(a)(1)(A) and (B).

2.  "Document(s) Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

**II.    PROCEDURES**

The procedures applicable to a claim of privilege or other protection on a document produced and the resolution thereof shall be as follows:

1.  If a receiving party concludes that a document, or part thereof, produced by another party is privileged or otherwise protected, the receiving party shall promptly notify the producing party and must then return the document, destroy it and certify that it has been destroyed to the producing party, or otherwise exclude it from review or use.  The receiving party must also promptly identify, sequester, and destroy any notes taken about the document.  Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

2.  If the producing party determines that a document produced by it, or part thereof, is privileged or otherwise protected, the producing party shall give the receiving party notice of the claim of privilege or protection ("privilege notice").

3.  The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as identification of the privilege or protection asserted and its basis.

4.  Upon receiving the privilege notice, if the receiving party concludes that it will not dispute the privilege or protection assertion made, the receiving party must promptly return the specified document(s) and any copies or destroy the document(s) and copies, and certify to the producing party that the document(s) and copies have been destroyed.  The receiving party also must identify, sequester, and destroy any notes taken about the document.  If a receiving party disclosed the document or information specified in the notice before receiving the notice, it

2

must take reasonable steps to retrieve it, and also must notify the producing party of the disclosure and its efforts to retrieve the document or information.

5.    Upon receiving the privilege notice, if the receiving party will disputes a producing party's privilege notice, the receiving party shall promptly meet and confer with the producing party.  The document(s) shall be sequestered immediately upon receiving the privilege notice and not used by the receiving party in the litigation (e.g., filed as an exhibit to a pleading or used in a deposition) while the dispute is pending.  If the parties are unable to come to an agreement about the privilege or protection assertions made in the privilege notice, the producing party must promptly inform the receiving party as to whether it will make a motion for a judicial determination of the privilege or protection claim.

6.    Pending judicial determination, the parties shall preserve and refrain from using the challenged document(s) and information for any purpose and shall not disclose them to any person other than those required by law to be served with a copy of the sealed motion.  The receiving party's response to the producing party's motion must not publicly disclose the document(s) and information claimed to be privileged or protected.  Any further briefing by any party shall also not publicly disclose the document(s) and information claimed to be privileged or protected if the privilege or protection claim remains unresolved or is resolved in the producing party's favor.

7.    The Court expects that counsel for the parties will act in good faith with respect to claims of privilege and protection.  If a party discovers that it has received one or more documents that, in the judgment of the receiving party, appear to contain privileged or protected material, the receiving party will promptly notify the producing party.  Nothing in this Order is intended to impose an affirmative obligation on a receiving party to review documents for the specific purpose of determining whether they contain privileged or protected material.

8.    Disclosure of privileged or protected material by the receiving party prior to later designation as privileged or protected shall not be deemed a violation of the provisions of this

Order; however, a receiving party who discloses material later designated as privileged or protected shall seek to retrieve the material in accordance with paragraph 4 of this Order.

9. If a document must be returned or destroyed as determined by the process above, that document, along with copies of and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten and destroyed in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

IT IS SO ORDERED.

Dated:

_____
Schwartz, J.

4